IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILLIP and LINDA ALLEN )
)
v. ) NO. 3:15-0124
)
U.S. BANK NATIONAL ASSOCIATION, )
N.D., et al. )

TO: Honorable John T. Nixon, Senior District Judge

# REPORT AND RECOMMENDATION

By Order entered February 24, 2015 (Docket Entry No. 3), this pro se action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, for decisions on all pre-trial, non-dispositive motions, and report and recommendations on all dispositive motions.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 6) filed by Defendants U.S. Bank National Association and Mortgage Electronic Registration System, to which the Plaintiffs have not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiffs, who the Court assumes are husband and wife, assert that they are residents of Davidson County, Tennessee. On February 10, 2015, they filed this pro se action against the following defendants: U.S. Bank National Association, N.D. ("U.S. Bank"), Mortgage Electronic

---

[1] By Order entered March 25, 2015 (Docket Entry No. 7), the Plaintiffs were given until April 20, 2015, to respond to the motion.

Registration Systems ("MERS"), four unnamed defendants identified as "Trustee for Securitized Trust," "Sponsor," "Depositor," and "Servicer," and "Does 1 through 100." See Complaint (Docket Entry No. 1), at ¶¶ 1-7 and 9.[2] As their jurisdictional statement, the Plaintiffs state that the transaction, events, and property at issue all occurred or are located in Davidson County, Tennessee. Id. at ¶¶ 11-12.

The Plaintiffs' complaint is 33 pages long and is accompanied by a 26 page exhibit consisting of an affidavit and report from a certified forensic loan auditor (Docket Entry No. 1-1) and a twelve page application for a "TRO, injunction, and for declaratory relief." See Docket Entry No. 2. Despite the length of the Plaintiffs' filings, the Complaint contains only minimal allegations of the basic facts underpinning the action. The Plaintiffs assert that, on an unspecified date,[3] they "entered into a consumer credit transaction with U.S. Bank by obtaining a $64,508.40 mortgage loan secured by [the Plaintiffs'] principal residence," id. at ¶ 29, and that the property at issue is alleged to be located at 404 Midnight Sun Circle, Nashville, Tennessee ("the Property"). Id. at ¶ 8. Other than the amount involved, the Plaintiffs have not described in the Complaint the terms set out in the mortgage documents, and the mortgage/deed of trust and promissory note are not attached to the Complaint. Although the Plaintiffs refer to a foreclosure in their Complaint and seek injunctive relief to stop a foreclosure of the Property, there are no factual allegations in the Complaint regarding a foreclosure and the status of any foreclosure proceedings is unclear.

The Plaintiffs allege that their mortgage/deed of trust and promissory note were separated by U.S. Bank and were, along with other mortgages and notes, assigned to an unidentified entity as the trustee for a securitized trust. The Plaintiffs contend that the assignment and transfer were improper because they were not properly recorded and that neither U.S Bank, nor any other entity,

---

[2] It appears that summons were served only on U.S. Bank and MERS, and there is no indication in the record that the Plaintiffs have taken any action to identify or serve the unnamed defendants.

[3] Although not stated in the Complaint, the Plaintiffs' exhibit indicates that the loan transaction at issue occurred on or about September 30, 2011. See Docket Entry No. 1-1, at 2.

2

has a valid claim to the Property. Just as the Complaint lacks basic factual allegations concerning the transaction in which the Plaintiffs were involved, the Complaint contains no factual specifics regarding the alleged separation and assignment of the mortgage/deed of trust and promissory note.

Based upon these allegations, the Plaintiff sets out ten causes of action: 1) wrongful foreclosure/lack of standing to foreclose; 2) fraud in the concealment; 3) fraud in the inducement; 4) intentional infliction of emotional distress; 5) quiet title; 6) slander of title; 7) declaratory relief; 8) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); 9) violation of the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"); and 10) recision. Id. at ¶¶ 56-153. The Plaintiffs seek unspecified compensatory, special, general, and punitive damages, as well as declaratory and injunctive relief, including quieting title in their favor, and, to the best of the Court's reading of the Complaint, a declaration that they are entitled to legal ownership of the property free and clear of any claims which may be asserted by the Defendants or other entities and regardless of whether they have fulfilled their obligation to make payments in accord with the promissory note. Id. at 26-33.

In lieu of answers, Defendants U.S. Bank and MERS have filed the pending motion to dismiss. They contend that, because of the generalized nature of the Complaint and the Plaintiffs' vague and conclusory factual allegations, the Complaint fails to comply with the minimal pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure, let alone the more heightened pleading standards required by Rule 9 of the Federal Rules of Civil Procedure for the claims sounding in fraud. They further argue that each of Plaintiffs' claims should be dismissed because the Plaintiffs fail to provide facts showing their entitlement to relief on these claims.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the

3

Complaint, resolve all doubts in the Plaintiffs' favor, and construe the Complaint liberally in favor of the pro se Plaintiffs. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). The Plaintiffs must provide the factual grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the Complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Generally, a complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

Given the pleading standards required by Twombly and Iqbal, the Court finds that the Plaintiffs' Complaint warrants dismissal for failure to satisfy basic pleading requirements. Despite the Complaint's length and despite the Plaintiffs inclusion of legal generalities and jargon, the Complaint simply fails to contain factual allegations showing that the Plaintiffs have viable claims upon which relief can be granted. While it is clear that this action involves the Plaintiffs' residential property, a mortgage, and some kind of dispute involving the Property, the Plaintiffs, despite being

4

aware of the underlying facts of the events at issue, have chosen not to include these facts in the Complaint. Instead of providing the Court with a clear factual roadmap of what occurred, the Plaintiffs have filled the Complaint with vague and general statements and conclusory assertions. Consequently, the Court is left to guess about the basic and critical facts that would illuminate their claims and show that they have plausible and defined legal claims entitling them to relief.

Although the Plaintiffs' status as pro se litigants does require the Court to view their Complaint with some measure of a liberal construction, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). The Court is simply not required to supply or assume facts that are not pled in the Complaint and to create viable claims for the Plaintiffs. See Bell v. Tennessee, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000). See also Brown v. Matauszak, 415 Fed.App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 Fed.App'x 836, 837 (6th Cir. 2003) (affirming dismissal of complaint pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure and finding that "[n]either this court nor the district court is required to create [the plaintiff's] claim for her").

To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." Mik v. Federal Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). Although the Plaintiffs have set forth several legal causes of action, they have not alleged actual facts that support these causes of action or support even a generously construed conclusion that the Defendants have violated the law.

For example, although the Plaintiffs contend that the Defendants have violated the TILA, HOEPA, and RESPA, they have not pointed to any specific provision of these acts upon which their

5

claims are based and have not set out any specific factual allegations supporting a conclusion that the Defendants violated an identified provision of these acts. Thus, the Plaintiffs simply have not stated a plausible claim. See Hutchens v. Bank of Am. N.A., 2012 WL 1618316, *7 (E.D. Tenn. May 9, 2012) (plaintiffs failed to state a claim for relief when they did not allege what, if any, provision of the TILA was violated by any defendant or how any defendant violated that provision); Marshall v. Mortgage Electronic Registrations Sys., 2010 WL 3790248, *4 (E.D. Mich. Sept. 22, 2010) (the plaintiff's pro se status does not permit the court to conjure up a claim when the plaintiff failed to point to any particular provision of RESPA upon which her RESPA claim was based).

Additionally, for any claims based upon allegations of fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that the Plaintiffs "must state with particularity the circumstances constituting fraud." Accordingly, they must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161–62 (6th Cir. 1993). The Plaintiffs' claims for fraudulent concealment and fraudulent inducement lack the required specificity of supporting factual allegations. Similarly, there are no factual allegations contained in the Complaint supporting a claim of intentional infliction of emotional distress, which requires a showing that the Defendants' alleged actions were outrageous and resulted in serious mental injury to the Plaintiffs. See Bain v Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997). See also MacDermid v. Discover Fin. Serv., 488 F.3d 721, 729 (6th Cir. 2007).

Finally, the Plaintiffs' arguments concerning the Defendants' legal rights to the Property are not buttressed by any specific factual allegations whatsoever that support their claim that the Defendants have no enforceable right to the Property and that the Plaintiffs have an unencumbered right to the Property that warrants intervention by the Court on their behalf. Further, the Plaintiffs' arguments, even if they were adequately supported by specific factual allegations, are simply a variation of arguments concerning the securitization promissory note and mortgage/deed of trusts and the assignments thereof involving mortgage lenders and MERS that have routinely been rejected

by the Courts.  See  Hixson v. Wilson & Assocs., PLLC, 2013 WL 6147826, *4 n.4 (E.D. Tenn. Nov. 22, 2013) (collecting cases); Keyes v. Deutsche Bank Nat'l Trust Co., 2013 WL 440191, *11 (E.D. Mich. Feb. 5, 2013) ("[a]ttempts to base claims on the securitization of a mortgage and the alleged separation of the mortgage and note have not been well received by courts around the country"); Gilliard v. Recontrust Co., 2012 WL 4442525 (E.D. Tenn. Sept. 25, 2012); Gibson v. Mortgage Elec. Registration Sys., Inc., 2012 WL 1601313, **4-5 (W.D. Tenn. May 7, 2012); Samples, supra (collecting cases).  Because the Plaintiffs' arguments regarding the invalidity of the Defendants' rights to the Property are the foundation for their other state law claims, those claims are likewise lacking.

The Plaintiffs' allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to support a claim and that will not defeat a motion to dismiss.  See Iqbal, 556 U.S. at 678.  Because the Complaint is woefully deficient in terms of supporting factual allegations, the Complaint warrants dismissal.  See Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 491, 2005 WL 3528921, *3 (6th Cir. Dec. 22, 2005) (lack of supporting factual allegations in complaint warranted dismissal of pro se plaintiff's claims); Elsman v. Standard Fed. Bank, 46 Fed.Appx. 792, 2002 WL 31007987, *6 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims); Leinweber v. Bank of Am., N.A., 2012 WL 1620891, *5 (E.D. Tenn. April 18, 2012) (pro se plaintiffs' complaint was subject to dismissal for failure to state a claim under Iqbal and Twombly standards despite a "labyrinth of factual statements" because the statements were not correlated to and did not support the legal conclusions asserted in the complaint); Samples v. Bank of Am., N.A., 2012 WL 1309135, *3 (E.D. Tenn. April 16, 2012) (pro se plaintiff's complaint alleging mistaken and erroneous representation as to standing to foreclose, unfair business practices, quiet title, and injunctive relief was dismissed for failure to comply with Iqbal and Twombly pleading standards because it contained only bare allegations of fact along with assertions of various legal and equitable theories of relief).

7

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 6) filed by Defendants U.S. Bank National Association and Mortgage Electronic Registration System be GRANTED, the Plaintiffs' motion for a temporary restraining order (Docket Entry No. 2) be DENIED, and this action be DISMISSED in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge